IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HAWK TECHNOLOGY SYSTEMS, LLC, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| v. | § | Civil Action No. 2:13-cv-786 |
| | § | |
| DILLARD'S, INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |

## HAWK TECHNOLOGY SYSTEMS, LLC'S
## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Hawk Technology Systems, LLC ("Hawk") for its Complaint for Patent

Infringement against Defendant Dillard's, Inc., alleges the following:

### THE PARTIES

1.      Hawk is a limited liability company organized and existing under the laws of the

State of Florida and maintains its principal place of business at 2 South Biscayne Blvd., Suite

3800, Miami, Florida 33131.

2.      Hawk also maintains a place of business at 305 South Broadway Avenue, Suite

114, Tyler, Texas 75702.

3.      On information and belief, Defendant Dillard's, Inc. ("Defendant") is a Delaware

corporation with its principal place of business at 1600 Cantrell Road, PO Box 486, Little Rock,

Arkansas 72203 .

4.      On information and belief, Defendant is conducting business on a systematic and

continuous basis within the United States, including the state of Texas and this judicial district.

5.      On information and belief, Defendant makes, imports, uses, offers to sell, or sells within the United States, including the state of Texas and this judicial district, products, including, but not limited to, the Network Video System (NVS) server component and the ION™ client component.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338.

7.      On information and belief, Defendant is subject to personal jurisdiction in this judicial district because it does and has done substantial business in Texas, including: (i) regularly engaging in or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods used or consumed by, and services provided to, individuals in the State of Texas; and (ii) committing acts of infringement in this judicial district. In addition, Defendant has designated an agent for service of process in Texas. Accordingly, Defendant has established minimum contacts with the forum such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.

8.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

9.      Hawk was formed in 2012 to commercialize the inventions of its founder, Barry Schwab.

10.     Mr. Ken Washino and Mr. Schwab invented United States Patent No. RE43,462 entitled "Video Monitoring and Conferencing System" (the "'462 Patent"). The '462 Patent is a reissue of United States Patent No. 5,625,410 (the "'410 Patent").  The '462 Patent was duly and legally reissued on June 12, 2012, by the United States Patent and Trademark Office. A true and correct copy of the '462 Patent is attached hereto as Exhibit 1.

11.     The independent claims and/or dependent claims in the '462 Patent are substantially identical to the corresponding claims of the '410 Patent.

12.     Mr. Washino and Mr. Schwab have collaborated on a number of other pioneering inventions resulting in patents in the areas of video archiving, video downloading and digital cinema.

13.     Mr. Schwab is also a named inventor on more than thirty patents, ranging from consumer products to secure network computing.

14.     Hawk is the assignee and owner of all right, title, and interest in the '462 Patent and it has standing to bring this lawsuit for infringement of the '462 Patent.

## <u>COUNT ONE – INFRINGEMENT OF THE '462 PATENT</u>

15.     Each of the foregoing paragraphs is incorporated by reference.

16.     Claim 12 of the '462 Patent describes:

> [t]he method for displaying and storing multiple video images, comprising the steps of: receiving video images at a personal computer based system from one or more sources; digitizing any of the images not already in digital form using an analog-to-digital converter; displaying at least certain of the digital images in separate windows on a personal computer based display device, using a first set of temporal and spatial parameters associated with each image in each window; converting one or more of the video source images into a data storage format using a second set of temporal and spatial parameters associated with each image; and simultaneously storing the converted images in a storage device.

('462 Patent, Col. 10, line 57 – Col. 11, line 20).

17.     On information and belief, Defendant has been and is now infringing, actively inducing infringement or is liable for contributory infringement of the '462 Patent pursuant to 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of systems and methods, *e.g.*, the use of the Network Video System (NVS) server component and the ION™ client component, which are covered by one or more claims of the '462 Patent. The claims of the '462 Patent are either literally infringed and/or infringed under the doctrine of equivalents.

18.     Defendant's past and continued acts of infringement of the '462 Patent have injured Hawk and thus Hawk is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

## PRAYER FOR RELIEF

Wherefore, Hawk respectfully requests that the Court:

A.     order trial by jury on all issues so triable;

B.     render judgment finding that Defendant has infringed the '462 Patent;

C.     issue preliminary and permanent injunctions preventing Defendant, and those in active concert or participation with Defendant, from further infringement, inducement of infringement, or contributory infringement of the '462 Patent;

D.     award compensatory damages for acts of Defendant in an amount to be determined at trial;

E.     award treble damages for acts of  Defendant pursuant to 35 U.S.C. § 284;

F.     award interest as allowed by law;

G.     declare that this case is exceptional pursuant to 35 U.S.C. § 285, and award the costs and reasonable attorney fees incurred in connection with this action; and

H.      grant such other and further relief as the Court and the jury deem just and proper.

Date:  October 1, 2013                        Respectfully submitted,


    */s/  Everett Upshaw*
Everett Upshaw
Texas Bar No. 24025690
LAW OFFICE OF EVERETT UPSHAW, PLLC
1204 Gano Street
Dallas TX  75215
P:  214.680.6005
F:  214.865.6086
everettupshaw@everettupshaw.com


Edward A. Pennington
*(pro hac vice to be filed)*
epennington@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
1055 Thomas Jefferson St., N.W., Suite 400
Washington, D.C. 20007
(202) 263-4300 (Telephone)
(202) 263-4348 (Facsimile)


**ATTORNEYS FOR HAWK TECHNOLOGY
SYSTEMS, LLC**